# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-23V
Filed: August 14, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| BRANDIE TERRY, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs; |
| | * | Reasonable Amount Requested to |
| SECRETARY OF HEALTH | * | which Respondent Does Not Object. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Sean Greenwood, The Greenwood Law Firm, Houston, TX, for Petitioner
Darryl Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 8, 2015, Brandie Terry ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine Act"). Petitioner alleged that a Tetanus, Diphtheria, Pertussis ("TDaP") vaccine administered on October 29, 2012 caused her to suffer from an immunity disorder or allergic reaction manifesting in exhaustion, vision problems, joint pain, rashes, and headaches. On July 22, 2015, the undersigned issued a decision dismissing the petition.

On August 13, 2015, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and Costs. Pursuant to their Stipulation, the parties have agreed to an award of $11,334.97 in fees and costs. Of this amount, $11,075.00 is compensation for fees and costs incurred by Petitioner's counsel; $259.97 is compensation for the out-of-pocket expenses incurred by Petitioner.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

      The undersigned finds that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. § 300aa-15(b) and (e)(1). Further, the proposed amounts seem reasonable and appropriate. **Accordingly, the undersigned hereby awards the amount of $11,075.00, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Sean Greenwood, of The Greenwood Law Firm. The undersigned also awards the amount of $259.97, in the form of a check payable solely to Petitioner.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

      **IT IS SO ORDERED.**

      s/ Lisa Hamilton-Fieldman
      Lisa Hamilton-Fieldman
      Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.